IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL WELSH,

                              Petitioner,                         OPINION AND ORDER

    v.

                                                                      17-cv-825-wmc
                                                                      14-cr-41-wmc

UNITED STATES OF AMERICA,

                              Respondent.

---

        Petitioner Jill Welsh filed a motion for post conviction relief under 28 U.S.C. § 2255 on January 19, 2017.[1] She asserts that she was denied the effective assistance of counsel at sentencing. Unfortunately for petitioner, she has filed her motion too late.

        Section 2255 has a one-year period of limitations that begins running from the latest of the following dates: (1) the date on which the defendant's conviction becomes final; (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the defendant from filing her motion; (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and made retroactively applicable to cases on collateral review; or

---

[1] This § 2255 proceeding was not officially opened until November 1, 2017, because petitioner had initially labeled her motion as a request for a modification of a sentence. Since that motion was filed January 19, 2017, the court accepted that date as the operative date of her commencement of suit.

1

(4) the date on which the defendant could have discovered the facts supporting her claims through the exercise of due diligence. § 2255(f).

Petitioner was sentenced on November 13, 2014. Her judgment and commitment were entered on the docket November 14, 2014. She appealed her sentence but on May 4, 2015, she filed a motion to voluntarily dismiss her appeal, which was granted on May 5, 2015. Under § 2255, a petitioner ordinarily has one year from the date on which "the judgment of conviction [became] final" in which to bring a post conviction motion. Because petitioner voluntarily dismissed her appeal, her conviction would have become final 90 days later, when her time to petition the United States Supreme Court for a writ of certiorari expired, or August 3, 2015. *Latham v. United States*, 527 F.3d 651 (7th Cir. 2008) (concluding that because 28 U.S.C. § 1254 permits "any" party to petition for certiorari, a voluntary dismissal pursuant to Fed. R. App. P. 42(b) becomes final 90 days after dismissal).

Therefore, petitioner had until August 3, 2016, in which to file a § 2255 motion, unless she can show she comes within one of the special circumstances in which the time for filing begins running later. Since petitioner has not alleged any facts from which an inference may be drawn that any one of those special circumstances applies in her case, and the court is aware of none, petitioner's motion is untimely.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because petitioner has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

ORDER

IT IS ORDERED that:

(1) Petitioner Jill Welsh's motion to vacate pursuant to 28 U.S.C. § 2255 (dkt. #1) is DENIED and her petition is DISMISSED.

(2) A certificate of appealability will not issue.

Entered this 8th day of August, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge